O

# United States District Court
# Central District of California

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>              Plaintiff,<br><br>    v.<br><br>WELLS FARGO & CO.; WELLS FARGO BANK N.A.,<br><br>              Defendants. | Case No. 2:13-cv-09007-ODW(RZx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR IMMEDIATE APPEAL [42]** |

## I.   INTRODUCTION

Before the Court is a Motion for Certification of Order for Immediate Appeal under 28 U.S.C. § 1292(b) filed by Defendants Wells Fargo & Co. and Wells Fargo Bank N.A. (collectively "Wells Fargo"). (ECF No. 42.) In the Motion, Wells Fargo seeks certification of two discrete issues for interlocutory appeal from the Court's May 28, 2014 Order Denying Defendants' Motion to Dismiss. For the reasons discussed below, the Court **DENIES** Wells Fargo's Motion.[1] (ECF No. 42.)

## II.   FACTUAL BACKGROUND

This action is one of at least four cases filed against large banks by Plaintiff City of Los Angeles ("the City") for alleged discriminatory lending practices. In this

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

case, the City brings two claims against Wells Fargo for (1) violating the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–19, and (2) common-law restitution. (ECF No. 1.) The City alleges that Wells Fargo discriminated against minority borrowers in Los Angeles when issuing home loans. According to the City, that discrimination resulted in foreclosures that decreased property-tax revenue and increased the need for municipal services.

Wells Fargo moved to dismiss, and strike portions of, the Complaint on March 3, 2014. (ECF Nos. 21, 22.) Several arguments were raised in Wells Fargo's Motion to Dismiss, including a lack of Article III and statutory standing as well as the statute of limitations and failure to state a claim. On May 28, 2014, after an extended briefing schedule and hearing, this Court denied both of Wells Fargo's motions in their entirety. (ECF No. 37.) For the sake of brevity, the Court refers to and incorporates the factual background and findings from its May 28, 2014 Order here.

The present Motion was filed on June 16, 2014, and the City filed a timely Opposition. (ECF Nos. 42, 43.) After Wells Fargo filed a timely Reply (ECF No. 47), the Court took the matter under submission.

### III.   LEGAL STANDARD

Normally, appeals follow final judgment. *See* 28 U.S.C. § 1291; *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) ("[P]arties may appeal only from orders which end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." (internal quotation marks omitted)). But there is a narrow exception to the final-judgment rule: a district court may certify a non-final order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the requirements of § 1292(b) are jurisdictional, courts cannot certify an appeal if the circumstances do not strictly satisfy the statutory prerequisites for granting certification. *Couch*, 611 F.3d at 633. Certification under § 1292(b) is

not routine. Indeed, interlocutory appeals are reserved only for "exceptional" cases. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

## IV. DISCUSSION

While several grounds for dismissal were raised in the Motion to Dismiss, Wells Fargo seeks interlocutory appeal on only two issues:

> (1) Whether the "zone-of-interests" limitation described in *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014), and in *Thompson v. North American Stainless, LP*, 131 S. Ct. 863 (2011), applies to a claim under the federal Fair Housing Act, so as to limit, beyond the limitations imposed by the standing requirements of Article III, the persons "aggrieved" who may sue under the FHA.
>
> (2) Whether a claim for "restitution" or "unjust enrichment" under California law requires a plaintiff to plead and prove the elements of a separate predicate cause of action under California law . . . .

(Mot. 1:11–21.)

The Court agrees with Wells Fargo that both issues satisfy the first requirement for interlocutory appeal: they present "controlling question[s] of law." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). If the Ninth Circuit were to reverse this Court's decision on either of the two issues presented by Wells Fargo, it would materially affect the outcome of the litigation because a reversal would eliminate one or both of the City's claims in this case. For the same reason, the third requirement for interlocutory appeal is also satisfied—an immediate appeal would "materially advance the ultimate termination of the litigation." The questions presented by Wells Fargo for appeal are threshold issues, which determine whether the City can even pursue its claims against Wells Fargo. A

1  reversal from the Ninth Circuit could put a stop to the City's litigation before
2  substantial discovery and additional motion practice occurs.

3  However, what is problematic for Wells Fargo is the second requirement—
4  "substantial ground for difference of opinion." Wells Fargo contends that application
5  of the "zone-of-interests" limitation to the FHA meets this requirement for two
6  reasons. First, Wells Fargo argues that there is a split of authority on whether the
7  holding in *Thompson* vitiated the much more expansive FHA standing permitted in
8  *Trafficante v. Metro. Life Insurance Co.*, 409 U.S. 205 (1972). (Mot. 7:19–9:28.)
9  Second, Wells Fargo asserts that the recent Supreme Court decision in *Lexmark*
10 further underscores that there is "substantial ground for difference of opinion" because
11 the Supreme Court held that the "zone-of-interests" limitation is always applied and
12 never negated. (*Id.* at 10:1–9.)

13 But the Court is unpersuaded that a "substantial ground for difference of
14 opinion" exists to make the issue "exceptional" for the purposes of interlocutory
15 appeal. As stated in the May 28, 2014 Order, the holding in *Thompson* explicitly
16 limited itself to Title VII rather than expanding its holding to Title VIII, which
17 encompasses the FHA. (*See* ECF No. 37 at 10–11.) The Court simply followed the
18 plain language of *Thompson* in declining to narrow the FHA's "zone of interests."
19 Moreover, the Court did apply *Lexmark* and the "zone-of-interests" limitation to the
20 FHA in finding that the City has statutory standing to pursue its claim. While the
21 Supreme Court in *Lexmark* held that the "zone-of-interests" inquiry is never negated,
22 it did not hold that a statute's "zone of interests" can never be as broad as, or nearly as
23 expansive as, Article III standing. *See* 134 S. Ct. at 1388–89. The "zone-of-interests"
24 inquiry is a matter of legislative intent, and this Court applied precedent finding that
25 Congress intended statutory standing under the FHA to be as broad, or at least nearly
26 as expansive, as Article III standing. (*See* ECF No. 37 at 10–11.) The Court is further
27 unpersuaded by Wells Fargo's reference to three out-of-district, out-of-circuit cases to
28 support a split of authority. (Mot. 7:19–9:5.)

Turning to the restitution issue, the Court similarly finds no substantial ground for difference of opinion. Wells Fargo's arguments on this issue are largely identical to the arguments made in the Motion to Dismiss—mainly that no freestanding cause of action exists for restitution in California. (Mot. 10–15.) Wells Fargo also points to a split of authority among courts in California, which this Court explicitly recognized in its May 28, 2014 Order. (*Id.* at 13–14; ECF No. 37 at 17–19.) But as the City points out in its Opposition, Wells Fargo appears to be merely registering its disagreement with the Court's May 28, 2014 Order. (Opp'n 8–9.) This is insufficient for interlocutory appeal. Moreover, this Court has already addressed the split of authority among California courts on the issue of restitution—finding the split to be only a matter of semantics. (ECF No. 37 at 17–18.) The distinction between cases centers on the factual allegations themselves—not the label on the claim. This Court found the allegations in the Complaint sufficient to support a claim for which restitution is a remedy. (*Id.*) Interlocutory appeal is hardly warranted based on the sufficiency of the factual allegations in the Complaint.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Wells Fargo's Motion for Certification of Order for Immediate Appeal. (ECF No. 42.)

**IT IS SO ORDERED.**

July 3, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**