O

# United States District Court
# Central District of California

| | |
|---|---|
| CITY OF LOS ANGELES,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO & CO.; WELLS FARGO BANK N.A.,<br><br>          Defendants. | Case No. 2:13-cv-09007-ODW(RZx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [49]** |

Before the Court is Defendants Wells Fargo & Co. and Wells Fargo Bank N.A.'s (collectively, "Wells Fargo") Motion for Reconsideration of July 7, 2014 Order Denying Defendants' Motion for Certification of Order for Immediate Appeal. (ECF No. 49.)  Wells Fargo seeks reconsideration of the Court's denial of interlocutory appeal in light of a Southern District of Florida decision, which came out just two days after this Court denied Wells Fargo's interlocutory-appeal motion.  *See City of Miami v. Bank of Am. Corp.*, No. 1:13-cv-24506-WPD, 2014 WL 3362348, at *3–4 (S.D. Fla. July 9, 2014) (dismissing the City of Miami's FHA claim for falling outside the statute's zone of interests).

Federal Rule of Civil Procedure 60(b) permits a party to seek reconsideration of a court order.  The Central District Local Rules elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

The Court notes that this Motion for Reconsideration was not brought improvidently based on the timing of the *City of Miami* decision. But the Court incorporates its findings from its Order Denying Defendants' Motion for Certification of Order for Interlocutory Appeal in the related case *City of Los Angeles v. Citigroup Inc.*, No. 2:13-cv-9009-ODW(RZx).[1] The Court specifically addresses the *City of Miami* decision in denying interlocutory appeal in that case on the same issues presented here: the FHA's zone of interests and the availability of a claim for restitution under California law.

In this Motion for Reconsideration, Wells Fargo also seeks to certify two additional issues for interlocutory appeal based on the decision in *City of Miami*: "(1) whether the City's injuries are too remote as a matter of law to satisfy *Lexmark*'s proximate-causation standard, and (2) whether the continuing violations doctrine under the FHA requires a plaintiff to plead and prove 'a uniform practice of continuing conduct—that is, a particular form of discrimination by a single actor.'" (Mot. 10:15–26 (internal citations omitted).) The Court once again finds that neither issue warrants interlocutory appeal. *See In re Thinkfilm, LLC*, No. 12-cv-9795-PSG,

---

[1] The *Citigroup* Order Denying Motion for Certification of Order for Interlocutory Appeal is being issued concurrently with the this Order.

2013 WL 654010, at *2 (C.D. Cal. Feb. 21, 2013) (finding no substantial ground for difference of opinion "based on a case that is not binding on any court in this circuit"); *Natural Res. Def. Council v. Cnty. of L.A.*, No. 08-cv-1467-AHM(PLAx), 2011 WL 318543, at *1 (C.D. Cal. Jan. 27, 2011) ("[A] single conflicting district court opinion from a different circuit is not sufficient to establish a substantial ground for difference of opinion.  If it were, interlocutory appeals likely would be justified on any number of issues in routine cases, rather than only in exceptional cases." (internal quotations and citations omitted)).

For the reasons discussed above, the Court **DENIES** Wells Fargo's Motion for Reconsideration.  (ECF No. 49.)

**IT IS SO ORDERED.**

August 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**