MICHAEL N. FEUER (SBN 111529)
*mike.feuer@lacity.org*
CITY ATTORNEY
JAMES P. CLARK (SBN 64780)
CHIEF DEPUTY CITY ATTORNEY
*james.p.clark@lacity.org*
CITY OF LOS ANGELES
200 N. Main Street, Room 800
Los Angeles, CA  90012
Telephone:  (213) 978-8100

*Attorneys for Plaintiff the City of Los Angeles*

BART H. WILLIAMS (State Bar No. 134009)
*bart.williams@mto.com*
TERRY E. SANCHEZ (State Bar No. 101318)
*terry.sanchez@mto.com*
DANIEL P. COLLINS (State Bar No. 139164)
*daniel.collins@mto.com*
AMELIA SARGENT (State Bar No. 280243)
*amelia.sargent@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.<br><br>　　　　　　　Defendants. | No. 2:13-cv-09007-ODW(RZx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER ON AMENDED STIPULATION REGARDING CONFIDENTIAL INFORMATION**<br><br>**<u>DISCOVERY MATTER</u>**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

25221071.2

The following terms of the Amended Stipulation Regarding Confidential Information, submitted by Plaintiff City of Los Angeles and Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A., meet with the approval of the Court.

**IT IS HEREBY ORDERED THAT:**

## PURPOSES AND SCOPE

1. Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted. The unrestricted disclosure of such information would cause undue damage to the parties and their businesses. Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2. The parties further acknowledge that this Protective Order creates no entitlement to file Confidential Information under seal. Local 79-5.1 set forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3. This Order shall govern all materials produced as part of a party's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), produced in connection with this Litigation, or produced in response to any discovery request in the Litigation (including, but not limited to, documents, deposition transcript, interrogatory responses, and responses to requests for admission) to any party or non-party subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

**DESIGNATING CONFIDENTIAL MATERIAL**

4. Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Disclosing Party") considers in good faith are confidential because they include any of the following: (a) individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information); (b) trade secrets; (c) confidential financial information that, if disclosed to the general public or competitors of the Disclosing Party, could reasonably be expected to cause identifiable, significant harm to the Disclosing Party; (d) confidential underwriting and pricing models or criteria; (e) competitive compensation structures or information regarding individual employee compensation; or (f) information that the Disclosing Party has a duty to a third party or to the court to maintain as confidential (collectively, "Confidential Information"). The parties respectfully submit that good cause exists to protect these narrow categories of information as confidential. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (protective order appropriate to protect "trade secrets, financial information, and third-party medical or personnel information"); *Humboldt Baykeeper v. Union Pac. R. Co.*, 244 F.R.D. 560, 563 (N.D. Cal. 2007) (protective order appropriate where "disclosure … would cause an identifiable, significant harm"); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (protective order appropriate to protect individuals' personal information); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (protective order appropriate to protect "trade secrets and confidential information" the "public dissemination" of which would cause "great economic harm").

5. Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. The parties agree, however, that confidentiality designations initially

may be made at the document level, not the page level (each page of any documents so designated shall still be stamped "Confidential"). If a party challenges all or any part of the confidentiality designation with respect to any Discovery Materials, or if a party provides notice that it intends to file any Discovery Materials, the Disclosing Party shall re-designate such Discovery Materials, as appropriate to address the non-disclosing party's challenge or notice, on a page-by-page basis with respect to any portion to be designated "Confidential". If the Disclosing Party does not re-designate such Discovery Materials on a page-by-page basis within 15 business days of receiving the non-disclosing party's challenge or notice of intent to file,, then the confidentiality designation shall be deemed withdrawn. If a party is producing a large volume of multi-page consumer loans documents likely to contain Confidential Information, in circumstances in which it may impose an undue burden to conduct a page-by-page or document-by-document review for Confidential Information, the Disclosing Party may designate all such documents as Confidential, subject to challenge and notice as set forth herein.

6. The Disclosing Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally the Disclosing Party may designate in writing, within 30 days after service of said responses or receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Deposition transcripts shall be treated in their entirety as Confidential Information for 30 days after receipt, unless a motion is due to be filed, in which case the 30 day period expires five days prior to the motion filing deadline. If a transcript is received within five days prior to a motion filing deadline, the transcript shall be treated as Confidential Information

- 3 -

1  until two court days prior to the motion filing deadline.  All parties shall affix the
2  Confidential legend on each page of the deposition transcript designated Confidential
3  Information at the deposition or by subsequent written notice.

4      7.    If it comes to a Disclosing Party's attention that information or items
5  that it designated for protection do not qualify for protection at all, the Disclosing
6  Party must promptly notify all other parties that it is withdrawing the mistaken
7  designation.

8      8.    A party or non-party's inadvertent failure to timely designate any
9  Discovery Materials as Confidential Information does not waive that party's right to
10 secure protection under this Order for such material.  At any time, the Disclosing
11 Party may designate Discovery Materials as Confidential Information by providing
12 written notice to the receiving party.  Upon receiving notification of the designation,
13 the receiving party must make reasonable efforts to assure that the Confidential
14 Information is treated in accordance with the provisions of this Order going forward.

15     9.    A party or non-party's failure to designate Discovery Materials as
16 Confidential Information does not constitute forfeiture of a claim of confidentiality
17 as to any other Discovery Materials.

18 **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

19     10.    Except with the prior written consent of the Disclosing Party, or as
20 otherwise permitted pursuant to this Protective Order, Discovery Materials
21 designated Confidential Information shall only be used for the purpose of this
22 Litigation, the related lawsuit brought against Defendants in the Central District of
23 California by the Los Angeles Unified School District (No. 14-cv-7370), and any
24 lawsuit that the Court formally relates to this action ("Related Litigation"), including
25 any appellate proceedings, and not for any other present or future disputes,
26 proceedings or litigation, or any other business, commercial, competitive, personal,
27 private, public, or other purpose whatsoever.  Should additional litigation be filed
28

- 4 -

against Defendants that a party believes should also be designated as related litigation in which Confidential Information may be used, the parties will meet and confer in good faith regarding the issue.

## PERMISSIBLE DISCLOSURES

11. Discovery Materials designated Confidential Information in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary in connection with this Litigation or Related Litigation:

    a. counsel for the parties to this Litigation or Related Litigation, including in-house counsel, co-counsel, and their associated attorneys, paralegals, and other professional personnel provided they are assisting such counsel with this Litigation or Related Litigation; are under the supervision or control of such counsel, and who have been advised by such counsel of their obligation hereunder;

    b. persons or entities that provide litigation support services (*e.g.*, photocopying; e-discovery processing and hosting vendors; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, provided they are assisting with this Litigation or Related Litigation and have been advised by such counsel of their obligation hereunder;

    c. any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation or Related Litigation;

    d. outside consultants or expert witnesses retained or consulted in connection with this Litigation or Related Litigation, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

25221071.2 010346-14  673354  V1

1        e.    other witnesses who may testify at a deposition, hearing, or at trial, provided that such witnesses shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

      f.    an officer before whom a deposition is taken, including stenographic reports and any necessary secretarial, clerical or other personnel of such officer, provided that such persons shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

      g.    the original authors or recipients of the Confidential Information;

      h.    the Court, court personnel and court reporters; and

      i.    any other person provided that (i) the Disclosing Party has consented in writing to disclosure to such other person(s) and (ii) such person(s) shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information.

## RESOLVING DISPUTED CLASSIFICATIONS

12. Should a party wish to object to a confidential designation of any Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the Disclosing Party in writing the basis for the dispute ("Designation Objection"). In its Designation Objection, the Objecting Party shall particularly identify the specific Discovery Materials as to which the designation is disputed (*i.e.*, by document bates numbers, deposition transcript page and line reference, or other means sufficient to locate such materials).

Within 10 business days of receiving the Designation Objection, the Disclosing Party and the Objecting Party shall meet and confer in good faith to attempt to resolve the dispute without involvement of the Court.

- 6 -

1        a)     If no resolution is reached, the Disclosing Party has 15 business days after the meet and confer in which to file a motion with the Court to rule on its confidentiality designation. The Disclosing Party bears the burden of proof in a challenge to the confidentiality designation. Pending a ruling by the Court, the disputed designation shall continue to be treated as Confidential Information under the terms of this Protective Order. If no resolution is reached by the parties, and the Disclosing Party does not bring a timely motion with the Court to rule on its confidentiality designation, the designation shall be deemed withdrawn.

        b)     Nothing in this Protective Order shall be deemed to prevent the Disclosing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Materials that is found to no longer constitute Confidential Information.

## SUBPOENA BY OTHER COURTS OR AGENCIES

13.     If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Disclosing Party within five business days. After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed. If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such action to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. ~~The person to whom the~~

- 7 -

1  ~~subpoena is directed shall not produce any Confidential Information while a motion~~
2  ~~for a protective order or other legal intervention brought pursuant to this paragraph is~~
3  ~~pending, or while any appeal from or request for appellate review of such motion is~~
4  ~~pending, unless ordered by a court to do so~~.

## FILING DOCUMENTS UNDER SEAL

6      14.    No Confidential Information shall be filed in the public record without the written permission of the Disclosing Party, or a court's order.  The parties shall comply with L.R. 79-5.1.

9      15.    Copies of any pleading, brief, or other Discovery Materials containing Confidential Information which is served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order.

## CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS

16.    The restrictions, if any, that will govern the use of Confidential Material at trial or hearings, will be determined at a later date by the Court, in consultation with the parties.

## INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

17.    If a party or its counsel inadvertently discloses Confidential Information to persons who are not authorized, pursuant to this Order, to use or possess the Confidential Information, the party who inadvertently disclosed the Confidential Information shall (i) provide prompt written notice of the disclosure to the Disclosing Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Information from the unauthorized party in possession of the Confidential Information.

- 8 -

25221071.2 010346-14  673354  V1

## ACTIONS TO PROTECT AGAINST UNAUTHORIZED DISCLOSURE OF PERSONALLY IDENTIFIABLE INFORMATION

18. In the event that the Court determines that there is an actual or threatened breach of this Order by a party who received Confidential Information that contains personally identifiable information (e.g., private contact information, personally identifiable financial information, etc.), the parties agree that the Disclosing Party would not have an adequate remedy at law regarding the unauthorized disclosure of such personally identifiable information and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

## NON-TERMINATION

19. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation. Upon the conclusion of the Litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall either (a) return such documents no later than 60 days after conclusion of this action to counsel for the Disclosing Party, or (b) destroy such documents within 60 days, and certify in writing to the Disclosing Party that the documents have been destroyed. If any Confidential Information has been furnished under this Order to any expert or other third-party, counsel for the party furnishing the Confidential Information shall request in writing that all such Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed.

## MODIFICATION PERMITTED

20. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order.

- 9 -

25221071.2 010346-14 673354 V1

## NO WAIVER OF OBJECTIONS

21. Nothing in this Protective Order shall constitute a waiver of a party's right to object to any Discovery Materials on any grounds or to object to the admission in evidence of Discovery Materials at any motion hearing or trial. Nothing in this Protective Order shall be deemed to expand or limit the permissible scope of discovery in this litigation.

## RESPONSIBILITY OF ATTORNEYS

22. The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information.

23. The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 10(d), (e), (f), and (i) above.

## SHIPPING PROTECTED MATERIAL

24. When any receiving party physically ships any Discovery Materials containing personally identifiable information to others designated in this Order as authorized to receive such Discovery Materials, the receiving party will encrypt such electronic data (if the Discovery Materials are in that format) and supply the password in separate correspondence to the recipient. If the Discovery Materials containing personally identifiable information are in hard copy/paper form, the receiving party will ship the Discovery Materials using secure packaging and a tracking number. If the receiving party learns at any time that such Discovery Materials may have been improperly viewed by unauthorized parties during shipment, it will promptly notify the Disclosing Party and take reasonable measures to retrieve the improperly disclosed Discovery Materials. This Paragraph does not apply to the exchange of Discovery Materials via e-mail or other electronic transmission.

25221071.2 010346-14  673354  V1

|     |     |
| --- | --- |
| 1   | **NO WAIVER** |
| 2   | 25.   Nothing herein shall be deemed to waive any applicable privilege or |
| 3   | work product protection, or to affect the ability of a party to seek relief for an |
| 4   | inadvertent or unintentional disclosure of Discovery Materials protected by any |
| 5   | privilege or work product protection.  Pursuant to the Court's authority under Federal |
| 6   | Rule of Evidence 502 and any other applicable law, rule, or legal principal, the |
| 7   | inadvertent or unintentional production of Discovery Materials subject to the |
| 8   | attorney-client privilege or work-product immunity shall not waive the privilege or |
| 9   | immunity if a written request for the return of such documents or information (the |
| 10  | "Identified Materials") is made promptly after the Disclosing Party learns of its |
| 11  | inadvertent or unintentional production.   Upon such a written request, the receiving |
| 12  | party shall return to the Disclosing Party the Identified Materials.   The contents of |
| 13  | the Identified Materials shall not be disclosed to anyone who was not already aware |
| 14  | of the contents of them before the notice was made. |
| 15  | 26.   Nothing contained in this Protective Order and no action taken pursuant |
| 16  | to it shall prejudice the right of any party to contest the alleged relevancy, |
| 17  | admissibility or discoverability of Discovery Materials, whether designated |
| 18  | Confidential Information or not. |
| 20  | **IT IS SO ORDERED.** |
| 22  | DATED: 12/12/14          By: _____ |
| 23  | HONORABLE RALPH ZAREFSKY UNITED STATES MAGISTRATE JUDGE |

- 11 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *City of Los Angeles v. Wells Fargo & Co., et al.,* Case No. 13-CV-09007. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

- 12 -

25221071.2 010346-14  673354  V1